# Patterson, Appellant, *v.* Hughes (No 2).

*Mortgage—Payment—Interest—Practice.*

1. On a scire facias sur mortgage it appeared that the mortgage amounting to $6,000 was given by the mortgagor as collateral security for the payment of accrued interest on six mortgages which the mortgagor's brother had executed to the mortgagee. The accrued interest was $5,400, and it did not appear why the mortgage was given for $6,000. In a settlement in full between the brother and the mortgagee, one of the six mortgages, the amount of which was $5,000 was repudiated by the brother, and such repudiation was accepted, and settlement made accordingly. On this mortgage there was $2,100 interest, which the defendant contended was wrongfully included in the claim against her, and the evidence sustained her contention. *Held,* that the sum of $2,100 which had been included in the verdict rendered at the trial, was properly deducted when judgment was entered for the plaintiff on the verdict.

2. In such a case the practice of directing a verdict for plaintiff for the whole amount and adjusting the credit on a motion for judgment non obstante veredicto, is not good practice, although approved by the parties, and is not to be taken as precedent.

Argued April 9, 1912.    Appeal, No. 88, Jan. T., 1912, by plaintiffs, from judgment of C. P. Luzerne Co., Oct.

T., 1900, No. 408, in verdict for plaintiff in case of Robert E. Patterson to the use of Mary H. Elmer, Robert Patterson and Frank E. Patterson v. Caroline A. Hughes, now intermarried with William C. Sponsler. Before FELL, C. J., BROWN, MESTREZAT and STEWART, JJ.   Affirmed.

Scire facias sur mortgage.   Before FULLER, J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was in deducting from the verdict the sum of $2,100 with interest thereon.

*W. S. McLean* and *W. S. McLean, Jr.,* for appellants. No printed brief for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, April 29, 1912:

This is an appeal by the plaintiff in the same case in which we have just disposed of the appeal of the defendant.   As there recited, in 1898, C. H. Houghton was indebted to General Robert E. Patterson upon six mortgages in the aggregate sum of $37,000 with interest.   In March of that year the defendant gave her mortgage to General Patterson in the sum of $6,000 to cover accrued interest on these other mortgages.   Afterwards Houghton paid off his mortgages, and in the settlement then had he claimed that no consideration had been given for one of them, amounting to $5,000; whereupon this mortgage with the interest chargeable thereto was remitted, and Houghton was allowed a credit accordingly.   The present action was upon the $6,000 mortgage given by the defendant, and on trial it was contended by her that $2,100 interest remitted in the settlement of the $5,000 mortgage was wrongfully included in the mortgage in suit.   On the other side it was contended that only $600 remitted interest was em-

braced in the present mortgage.  It was admitted by
the plaintiffs that, although the defendant's mortgage
was given for $6,000, only $5,400 of the interest was
actually due by Houghton at that date; but it was con-
tended that, since Houghton had been given credit for
the full $6,000 in the account kept between himself and
General Patterson, they were entitled to recover the
face of the mortgage.  The court below gave binding
instructions to find for the plaintiffs in the full amount
claimed, stating that, in disposing of the motion for
judgment non obstante veredicto, it would pass upon
and determine the deduction to which the defendant
was entitled.

Subsequently the court below entered the following
order: "We adjudge that credit should be given now,
non obstante veredicto; that the original principal be
deemed $5,400, as of March 7th, 1898, with payments
thereon of $180.  March 2nd, 1898, $180.  September
23rd, 1899, and $2,100.  November 2nd, 1899, leaving
balance unpaid as of May 17th, 1910, the date of verdict,
$5,682.88, to which should be added $150 for attorney's
commission, making total $5,832.88; that the verdict be
reduced accordingly, and judgment be entered thereon
in favor of the plaintiffs and against the defendant in
the sum of fifty-eight hundred thirty-two dollars and
eighty-eight cents ($5,832.88) with interest from May
17th, 1910.  The motion for judgment non obstante
veredicto is allowed pro tanto and denied to any greater
extent."

Neither the appellant nor appellee raise any objec-
tion to the practice pursued by the court below in thus
reducing the judgment; both desire that we shall dis-
pose of the substantial question raised by the assign-
ments of error, viz, on the merits as shown by the un-
contradicted testimony, was the defendant entitled to
any deductions, and if so, what?  The opinion of the
learned court below states: "The testimony of Frank
E. Patterson is very explicit indeed that the mortgage

in suit was given for accrued interest which amounted at the time to only $5,400, and included the $2,100 which was subsequently credited.   The defendant received no consideration for the mortgage herself, but simply pledged her property thereby for arrears of interest owing by her brother Houghton, and, therefore, it would be manifestly unjust to enforce the mortgage against her property for any amount in excess of those arrears actually owing as adjusted on the settlement. Why the mortgage was drawn for $6,000 instead of $5,400 is not clearly explained..... Between her and the mortgagee the mortgage was for nothing more than .....payment of back interest, drawn for some reason in excess of the true amount, but not thereby imposing upon her any liability for the excess, nor disentitling her to credit for the later deductions." We agree with this view of the case and an examination of the printed testimony convinces us that the defendant was undoubtedly entitled to a reduction of $2,100; not $600 only, as contended by the appellant. Although the witness Frank E. Patterson stated that $1,500 was paid by Taylor (the agent of the mortgagee), through Houghton, on the $5,000 mortgage which was subsequently repudiated and remitted, h failed to say that it was so credited; in fact he states that this payment was credited on the general mortgage account, and when recalled to the stand he unequivocally said, "I understand his honor's question to be, what was the amount of interest charged against the repudiated mortgage on March 7, the date of the Hughes mortgage (the mortgage in suit). Assuming my calculations to be correct it was just $2,100 debit against it," and the question put by the court which brought forth this reply was stated thus, "When we know the exact amount of interest due on the 7th of March, 1898, on the mortgage which was repudiated, we know the exact amount for which she would be entitled to have credit for on the contention of the defendant in this case."

We are satisfied that the court below reached a proper and just determination on the issues presented, and the assignments are overruled; but this is not to be taken as an approval of the practice pursued, or, in that respect, as a precedent for the future.

The judgment is affirmed.